IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN F. DIMARCO, JOSEPH SERPENTE,<br><br>    Plaintiffs,<br><br>        v.<br><br>LORI COATES, COATES INNOVATIONS, LLC d/b/a SUPPORT THE FOOT,<br><br>    Defendants. | Civ. No. 19-15597(RMB/KMW)<br><br>**MEMORANDUM OPINION & ORDER** |

**THIS MATTER** comes before the Court upon its own Order to Show Cause why this case should not be transferred to either the Eastern District of Pennsylvania or the Western District of Washington pursuant to 28 U.S.C. § 1404(a). [See Dkt. No. 12]. Following a period of time when the case was administratively terminated to allow the parties to pursue settlement, the case was reactivated on April 9, 2020. [See Dkt. No. 29]. Now, upon review of the parties' respective arguments regarding transfer, the Court finds this matter should be transferred to the United States District Court for the Western District of Washington.

I. **BACKGROUND**

Plaintiffs John DiMarco and Joseph Serpente ("Plaintiffs") are businessmen who allegedly contracted with Defendant Lori Coates to provide services for her business, Defendant Coates

Innovations, LLC d/b/a Support the Foot (collectively, with Ms. Coates, "Defendants").  Ms. Coates' business, "Support the Foot," is based in Washington state and manufactures products intended to provide treatment and relief for certain types of painful foot conditions.  According to Plaintiffs, Mr. DiMarco is a certified pedorthist ("CPed"), meaning that he is "a person trained to modify footwear and devices in order to treat foot conditions." See Compl., at ¶¶ 11-12.

As alleged, Plaintiffs met Ms. Coates at a trade show in Orlando, Florida, where Plaintiffs became interested in Support the Foot and pitched their services Ms. Coates.  Following the trade show, Plaintiffs corresponded with Ms. Coates via email, ultimately contracting with Support the Foot to provide various services, which included assistance with "marketing and sales activities and assisting in regulatory compliance and other activities to support sales and increasing the marketing and distribution of STF's product." See Dkt. No. 30, at 2.  Plaintiffs allege that they performed services to further their contractual obligations to Support the Foot from October 2015 until the contract was terminated by Ms. Coates in August 2017.

Plaintiffs commenced this action in the Superior Court of New Jersey, Law Division, Burlington County on June 20, 2019, contending that Defendants never compensated them for their work performed under the contract.  Shortly thereafter, Defendants,

who are citizens of Washington state, removed the case to this Court on the basis of diversity jurisdiction. Though Defendants removed the case to this Court, they continue to contest the existence of personal jurisdiction in the state of New Jersey. After this matter was administratively terminated for the parties to explore the possibility of settlement, this matter now comes before the Court upon its own Order to Show Cause why this case should not be transferred to the Western District of Washington (where Defendants are located) or the Eastern District of Pennsylvania (where Plaintiffs coordinated a research project).

## II.  LEGAL STANDARD & ANALYSIS

Section 1404(a) of Title 28 of the United States Code provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In this case, Plaintiffs contend that New Jersey, where they performed the majority of their work under the contract, is the appropriate venue.[1] Defendants, however,

---

[1] Plaintiffs also allege that they represented Defendant at a trade show in Atlantic City, New Jersey. Although Plaintiffs claim that they performed all work under the contract in New Jersey, they acknowledge that a research project they coordinated at Temple University was conducted at Temple

argue that Defendants had insufficient contact with New Jersey to warrant either personal jurisdiction or venue in New Jersey. On this point, Defendants assert that they never even specified where Plaintiffs would be performing work under the contract. Given that Plaintiffs knowingly pitched their services to perform work for a business based in Washington state and Defendants allege that they neither traveled to New Jersey for business nor specified where the work needed to be performed, the Court finds that transfer to the Western District of Washington is warranted.

    As an initial matter, the parties do not appear to genuinely dispute that this action, which arises from Plaintiffs' dispute with Defendants' Kent, Washington-based business, could have been filed in the Western District of Washington.  "If the proposed alternative forum is appropriate," as it is here, "it is then within the Court's discretion to transfer the action." Taylor v. Global Credit & Collection Corp., 2010 WL 2521758, at *1 (D.N.J. June 14, 2010) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)). Indeed, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience

---

University in Philadelphia.  Additionally, billing invoices sent to Defendants list a Pennsylvania address.

and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "A determination that transfer to another jurisdiction is appropriate represents an 'exercise ... of structured discretion by trial judges appraising the practical inconveniences posed to the litigants and the court should a particular action be litigated in one forum rather than another.'" Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999)(internal citations omitted).  Thus, the district court "is vested with a large discretion" to determine when transfer should be ordered "for the convenience of parties and witnesses, in the interest of justice," pursuant to § 1404(a). Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1045 (3d Cir. 1973).

In deciding whether to transfer an action under § 1404(a), courts in the Third Circuit consider both private and public interests, the Court addresses these factors below.

### A.  *Private Interest Factors*

As delineated in Jumara v. State Farm Insurance, 55 F.3d 873, 880 (3d Cir. 1995), the Court must consider the following private interest factors when determining whether a § 1404(a) transfer is appropriate:

> 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) where the

5

>    claim arose; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and 6) the location of books and records (similarly to the extent that they could not be produced in the alternative forum).

Id. at 879 (internal citations omitted).

With regard to the private interest factors, it is clear that Plaintiffs prefer New Jersey. Generally, a plaintiff's choice of forum is "a paramount consideration" to transfer determinations, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), and "should not be lightly disturbed." Jumara, 55 F.3d at 879. Here, however, Plaintiffs' choice of forum warrants less deference because the operative facts have only a tangential connection to New Jersey.[2] See, e.g., Goldstein v. MGM Grand Hotel & Casino, 2015 WL 9918414, at *2 (D.N.J. Nov. 5, 2015)("the plaintiff's choice of forum is discounted significantly where 'the case has little connection with the chosen forum,' and the nucleus of operative facts occurred elsewhere.")(quoting Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227-28 (D.N.J. 1996)); Newcomb v. Daniels, Saltz, Mongeluzzi & Barrett, Ltd., 847 F. Supp. 1244, 1246 (D.N.J.

---

[2] In this case, Defendants never specifically sought out a vendor to perform work in New Jersey, rather, it was Plaintiffs who pitched their services to perform work for a Washington-based business.

6

1994)("courts assign the plaintiff's choice of forum significant weight unless the case has little connection with the chosen forum.")(citing Shutte, 431 F.2d at 25); Am. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) ("Where the operative facts of a lawsuit occur outside the forum selected by the plaintiff, that choice is entitled to less deference.")(internal citations omitted).

Defendants support the transfer of this matter to Washington state, which they contend is the only venue with proper jurisdiction over this matter.  Although Plaintiffs argue that the District of New Jersey is a more convenient venue, they fail to specify what witnesses, other than themselves, for whom New Jersey would be more convenient.  On the other hand, Ms. Coates and her business, STF's books and records, and any STF witnesses are located or reside in Washington.  Whereas Ms. Coates never traveled to New Jersey on business, Plaintiffs apparently traveled to trade shows around the country pursuing business leads.  Since witnesses would have to travel across the country to either venue, the Court finds that the location of the business in question makes these factors weigh in favor of transfer to the Western District of Washington.

### B. *Public Interest Factors*

As set forth by the Third Circuit in Jumara, this Court must also consider the relevant public interest factors in relation to transfer:

> 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80.

The first factor - the enforceability of the judgment - weighs in favor of transfer. Defendants are located in Washington and admit that courts in the state of Washington would have personal jurisdiction over this case. Therefore, any judgment from a court in Washington would undoubtedly be enforceable there.

Next, both the practical and administrative considerations weigh in favor of transfer to the Western District of Washington. Both the Western District of Washington and the District of New Jersey have federal judicial vacancies that the Judicial Conference of the United States has deemed "judicial emergencies." However, on a relative basis, the District of New Jersey has greater docket congestion than the Western District

of Washington.³  Moving this case to the Western District of Washington, which is closer to Defendants and would help resolve Defendant's jurisdictional concerns are more likely to make trial easier, more expeditious, and less expensive.

The Court also considers the local interest in deciding local controversies at home, finding that this Court's interest is minimal.  This Court's only connection to this matter is that Plaintiffs apparently resided in New Jersey for some of the time that they performed services for a Washington state-based company.  Because the business they performed work for is based in Washington, this would be a more a "local" controversy in Washington.  Given that the business is based in Washington, courts there would have a strong interest in adjudicating the dispute.

Additionally, since federal courts are generally well-equipped to apply the laws of other states and frequently do so in diversity cases, the Court finds that familiarity of the trial judge with applicable state law is a neutral factor in this instance.

---

³ Whereas the Western District of Washington has five vacancies deemed "judicial emergencies" with a weighted average of 469 filings per judge, the District of New Jersey has six vacancies deemed "judicial emergencies" with a weighted average of 1,051 filings per judge. See https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies (accessed on September 11, 2020)

### III. CONCLUSION

For the reasons set forth herein, this Court finds that the private and public factors weigh in favor of transfer.  In doing so, the Court also notes that the Third Circuit has previously held that a court need not reach a conclusion regarding personal jurisdiction prior to effecting a § 1404(a) transfer of an action to another district court. See Allegheny Techs., Inc. v. Strecker, 2007 WL 852547, at *8 (W.D. Pa. Mar. 16, 2007)(citing United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964)); see also Lafferty v. St. Riel, 495 F.3d 72, 80 (3d Cir. 2007), as amended (July 19, 2007), as amended (Nov. 23, 2007)(noting that the Third Circuit has held "that a § 1404(a) transfer was available even though there was no personal jurisdiction"). Therefore, the Court will transfer this matter to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a), without any determination regarding Plaintiff's objections to personal jurisdiction.

**ACCORDINGLY**, it is on this **18th** day of **September 2020**, hereby

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. § 1404(a).

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
